UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SEGUNDO VINCENTE LUNAVICTORIA, on behalf of himself, individually, and on behalf of all others similarly-situated, <br><br> Plaintiff, <br><br> -against- <br><br> M & J IRONWORKS INC. d/b/a M&J IRON WORKS, and FRANKLIN DE ROSARIO, individually, <br><br> Defendants. | **COMPLAINT** <br><br> **Docket No.:** <br><br> Jury Trial Demanded |

SEGUNDO VINCENTE LUNAVICTORIA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against M & J IRONWORKS INC. d/b/a M&J IRON WORKS ("M&J"), and FRANKLIN DE ROSARIO, individually, (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF THE CASE**

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL and the NYCRR, NYLL § 652, 12

NYCRR § 142-2.1; (iv) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.  Plaintiff worked for Defendants - - a New York corporation that operates a Brooklyn-based metal fabrication and construction business and its owner and day-to-day overseer - - as a welder and construction worker, performing work at various jobsites in New York City and Nassau County, from June 2016 through August 3, 2022. As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout his employment, Defendants routinely required Plaintiff to work, and Plaintiff did work, beyond forty hours in a workweek, but Defendants paid Plaintiff a flat weekly salary that did not include overtime premiums at the statutorily-required overtime rate of either one and one-half times his regular rate of pay, or one and one-half times the minimum wage rate, if greater, for all hours that he worked in excess of forty in a week.

3.  Defendants further violated the NYLL and/or the NYCRR by failing to: compensate Plaintiff at least at the statutorily-required minimum wage rate for all hours that Plaintiff worked each week; furnish Plaintiff with any wage statement on each payday, let alone an accurate one; and furnish Plaintiff with any wage notice at the time of his hire, let alone an accurate one.

4.  Defendants paid and treated all of their non-managerial welder and/or construction worker employees in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times herein, Defendant M&J was and is a New York corporation with its principal place of business located at 2059 Pitkin Avenue, Brooklyn, New York 11207. M&J is registered with the New York State Department of State to receive service of process at 1514 Dekalb Avenue, Apartment 2L, Brooklyn, New York 11217.

10. At all relevant times herein, Defendant Rosario was and is the owner and day-to-day overseer of M&J, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, and who was and is ultimately responsible

for all matters with respect to hiring and firing employees, determining employees' rates and methods of pay, determining employees' work schedules, and maintaining employees' employment records, including those matters with respect to Plaintiff. Indeed, Rosario hired Plaintiff, supervised him, set Plaintiff's rate of pay, should have maintained Plaintiff's employment records, and terminated Plaintiff's employment.

11. At all relevant times herein, both Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, and as provided in M&J's Paycheck Protection Program loan applications, M&J's qualifying annual business exceeded and exceeds $500,000.00. Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees, and have operated a business that purchases numerous products that have moved across state lines, such as tools, electric motor bearing grease, locks, and safety equipment. Defendants also accept payments in cash that naturally moves across state lines, as well as checks that are processed by out-of-state banking companies. The combination of all of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants who during the applicable FLSA limitations period, performed any work for Defendants as welders, construction workers, or in a similar position, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times herein, Defendants were aware of the requirement to pay non-exempt employees, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Plaintiff lodged numerous complaints to Defendant Rosario that Defendants were not paying him for his overtime hours worked in accordance with the law, and even requested that Defendants implement a punch clock to track his time, but Defendants continued not to pay Plaintiff overtime compensation for his hours worked over forty in a week.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

16. Defendant M&J is a New York corporation that operates a Brooklyn-based metal fabrication and construction company, which provides welding and construction services primarily to customers in New York City and Nassau County.

17. Defendant Rosario, as detailed above, owns and operates M&J's business on a daily basis and is ultimately responsible for all personnel-related matters.

18. At all relevant times, Defendants employed fewer than ten employees.

19. Plaintiff worked for Defendants from June 2016 until August 3, 2022, both at Defendants' business located at 2059 Pitkin Avenue in Brooklyn, and at various job sites in New York City and Nassau County, as a welder and construction worker.

20. As his titles suggest, Plaintiff's primary job duties consisted of welding, preparing materials for fabrication, and performing metal work, as well as the construction and installation of doors, windows, and fences.

21. Throughout Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did work, as follows: in June, July, and August of each year, six days per week, Monday through Saturday, from 8:00 a.m. to 5:30 p.m., with one thirty-minute break during each shift, for a total of fifty-four hours per week; from September through January of each year, five days per week, Monday through Friday, from 8:00 a.m. to 5:00 p.m., with one thirty-minute break during each shift, for a total of forty-two and one-half hours per week; and from February through May of each year, five days per week, Monday through Friday, from 8:00 a.m. to 5:30 p.m., with one thirty-minute break during each shift, for a total of forty-five hours per week.

22. Throughout Plaintiff's employment, regardless of the month, and regardless of how many hours he worked in a week, Defendants paid Plaintiff a flat weekly salary, as follows:

   a. From the start of his employment in or around June 2016 until in or around late-December 2019, $650.00 per week;

   b. From in or around early-January 2020 through late-July 2021, $700.00 per week; and

   c. From in or around early-August 2021 through the end of his employment on August 3, 2022, $800.00 per week.

6

The weekly salary that Defendants paid Plaintiff did not include an overtime premium for Plaintiff's hours worked in a week over forty. Thus, at no time during Plaintiff's employment did Defendants pay Plaintiff at the rate of one and one-half times his regular rate of pay, or one and one-half times the minimum wage rate, if greater, for those hours.

23. Moreover, from June 1, 2019, through August 31, 2019, and from June 1, 2020, through August 31, 2020, and from June 1, 2021, through August 31, 2021, and from June 1, 2022, though August 3, 2022, Defendants paid Plaintiff below the applicable minimum wage rate that New York law requires for each hour worked.

24. By way of example only, for the week of July 18 through July 24, 2022, Defendants required Plaintiff to work, and Plaintiff did work, a total of fifty-four hours, according to the following schedule, with one thirty-minute break during each shift:

>Monday, July 18, 2022: 8:00 a.m. to 5:30 p.m.;
>
>Tuesday, July 19, 2022: 8:00 a.m. to 5:30 p.m.;
>
>Wednesday, July 20, 2022: 8:00 a.m. to 5:30 p.m.;
>
>Thursday, July 21, 2022: 8:00 a.m. to 5:30 p.m.;
>
>Friday, July 22, 2022: 8:00 a.m. to 5:30 p.m.;
>
>Saturday, July 23, 2022: 8:00 a.m. to 5:30 p.m.; and
>
>Sunday, July 24, 2022: off.

In exchange for his fifty-four hours of work that week, Defendants paid Plaintiff his flat weekly salary of $800.00, which amounts to an hourly rate of $14.81, even though the applicable minimum hourly wage in New York City was $15.00 at that time. Thus, for his work this week, Defendants failed to pay Plaintiff at least at the minimum wage rate for all hours worked, or at the statutorily-

required rate of one and one-half times the minimum wage for the fourteen hours that he worked beyond forty.

25. Defendants paid Plaintiff in cash on a weekly basis.

26. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone a statement that accurately listed, *inter alia*, his hours worked per week and his regular and overtime rates of pay. Defendants' failure to provide Plaintiff with a proper wage statement deprived Plaintiff of the ability to know exactly how much compensation he was entitled to and resulted in the underpayment of wages as asserted herein.

27. Additionally, at the time of his hire, Defendants failed to provide Plaintiff with any wage notice, let alone a notice that accurately listed, *inter alia*: Plaintiff's rates of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. Defendants' failure to provide Plaintiff with a proper wage notice deprived Plaintiff of the ability to know exactly how much compensation he was entitled to and resulted in the underpayment of wages as asserted herein.

28. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

29. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

30. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

8

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

31. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

33. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

34. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

35. Defendants willfully violated the FLSA.

36. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

37. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

38. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

9

40. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

41. As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

42. Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

43. Plaintiff and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

44. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. NYLL § 652(1) and NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

46. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

47. As also described above, Defendants failed to compensate Plaintiff and any FLSA Plaintiff who opts-in to this action in accordance with the NYLL's and the NYCRR's minimum wage provisions.

48. At the least, Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to pay at the minimum wage rate for all hours worked.

49. Plaintiff and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

### **FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

50. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

52. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

53. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action with any wage statement, let alone one that accurately contained the criteria that the NYLL requires.

54. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

55. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

57. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

58. As also described above, Defendants, at the time of hire, failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action with any wage notice, let alone one that accurately contained the criteria that the NYLL requires.

59. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $50.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00 per person.

### DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  i. Pre-judgment and post-judgment interest, as provided by law; and

  j. Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
   December 28, 2022

            Respectfully submitted,

            BORRELLI & ASSOCIATES, P.L.L.C.
            *Attorneys for Plaintiff*
            910 Franklin Avenue, Suite 200
            Garden City, New York 11530
            Tel. (516) 248-5550
            Fax. (516) 248-6027

    By: _____
            ANDREW C. WEISS (5560537)
            ALEXANDER T. COLEMAN (AC 8151)
            MICHAEL J. BORRELLI (MB 8533)